UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON SCROGGIN,

    Petitioner,

v.      CAUSE NO. 3:19-CV-531-DRL-MGG

WARDEN,

    Respondent.

## OPINION & ORDER

Brandon Scroggin, a prisoner without a lawyer, filed a habeas corpus petition challenging a prison disciplinary proceeding at Westville Correctional Facility (WCC 18-09-0417) in which a disciplinary hearing officer found him guilty of "threatening" in violation of Indiana Department of Correction Offense B-213 (ECF 1). As a result of the guilty finding, he lost 90 days of earned time credits, among other sanctions (ECF 7-3).

The charge was initiated on September 14, 2018, when Officer Kevin Miller wrote a conduct report stating as follows:

> On the above date and approximate time [September 14, 2018, at 6 a.m.] offender Scroggin was informed . . . that he would not be allowed to work today due to refusing to come to work on thursday 9-20-18. Offender Scroggin had a lay in from 9-12 to 9-19 and was supposed to return to work on 9-20-18. The PEN Products officer called the dorm on Thursday 9-20 to get offender Scroggin to work but he refused. When offender Scroggin was informed he couldn't work due to refusing a work assignment he stated "Thats ok I get out soon, I like to start fires. I will find you."

(ECF 7-1). On October 3, 2018, Mr. Scroggin was formally notified of the charge (ECF 7-2). He pleaded not guilty, declined a lay advocate, did not request any physical evidence, and indicated that he did not wish to call any witnesses (*Id.*).

On October 12, 2018, the hearing officer conducted a hearing on the charge (ECF 7-3). Mr. Scroggin refused to participate, but the hearing officer noted that he had previously pleaded not guilty.

Based on the conduct report, the hearing officer found him guilty. He revoked 90 days of earned credit time, in addition to other sanctions. Mr. Scroggin's administrative appeals were denied (ECF 7-7; ECF 7-8). Thereafter, he filed this petition.

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charge; (2) an opportunity to be heard before an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Mr. Scroggin first claims that he was denied due process because he wasn't permitted to participate in the hearing (ECF 1 at 2). However, the record reflects that he refused to participate, not that he was denied the opportunity. In response to Mr. Scroggin's claim that he was denied the opportunity to attend the hearing, the respondent produced a witness statement completed on October 12, 2018, by Officer Robert Powell, who was in the food hall and witnessed Mr. Scroggin refuse to attend his disciplinary hearing (ECF 7-4). Officer Powell also submitted an affidavit attesting to the authenticity of his report and to the fact that Mr. Scroggin refused to attend the hearing (ECF 7-5). Mr. Scroggin has not submitted any counter-affidavits or otherwise responded to this evidence. The court concludes that he has not established a due process violation.

Within this claim, Mr. Scroggin also suggests that he was denied the opportunity to present a witness statement to the hearing officer (ECF 1 at 2). Mr. Scroggin had the right to request evidence and to present evidence in his defense, consistent with institutional security. *Wolff*, 418 U.S. at 566. At the time of screening, Mr. Scroggin did not request any physical evidence, nor did he request that any witness statements be obtained (ECF 7-2). The prison cannot be faulted for failing to secure or consider evidence that Mr. Scroggin did not timely request. *Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th

Cir. 1997); *Miller v. Duckworth*, 963 F.2d 1002, 1005 n.2 (7th Cir. 1992). Additionally, Mr. Scroggin has not submitted a copy of the statement he references, nor does he provide any details about what the statement said. Without a clear explanation of how the statement would have been exculpatory, he cannot establish a due process violation. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence); *see also Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (denial of evidence is considered harmless unless the evidence would have aided the inmate's defense).

Mr. Scroggin's remaining claim is that the statement he made to Officer Miller was not actually threatening (ECF 1 at 2). The court construes this as a challenge to the sufficiency of the evidence. To satisfy due process, there must be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Under the law:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. . . . It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Hearing officers are entitled to resolve conflicts in the stories presented to them, as long as "some evidence" supports their decision. *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006).

Under the Indiana Department of Correction Disciplinary Code for Adult Offenders, an inmate commits "threatening" by engaging in any of the following:

1. Communicating to another person an intent to physically harm, harass or intimidate that person or someone else.

2. Communicating an intent to cause damage to or loss of that person's or another person's property.

3. Communicating an intent to intentionally make an accusation that he/she knows is untrue or false.

(ECF 7-9). Mr. Scroggin says he didn't threaten anyone. He argues that the statement, "I like to start fires and I will find you" is not threatening because, in his words, "[n]othing is said [about] what was gonna be set fire or anything" (ECF 1 at 2). The statement at issue can certainly be understood to imply that when Mr. Scroggin gets released from prison, he intended to find Officer Miller and set fire to his property or cause him injury. Officer Miller obviously found the statement threatening, and his interpretation was not arbitrary. Indeed, Mr. Scroggin offers no non-threatening reason why he was talking about his enjoyment of setting fires in the context of a discussion with Officer Miller about his prison work assignment. The hearing officer was entitled to credit the conduct report, and this alone constitutes some evidence to support the guilty finding. *Webb*, 224 F.3d at 652; *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). He has not established a due process violation.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment in this case.

SO ORDERED.

July 30, 2020                                                          *s/ Damon R. Leichty*
                                                                                    Judge, United States District Court

4